# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTORIA BROWN, on Behalf of Herself and her Minor Son, R.P.,**<br>    **Plaintiff,**<br><br>    v.<br><br>**THE SCHOOL DISTRICT of PHILADELPHIA,**<br>    **Defendant.** | **CIVIL ACTION NO. 11-6019** |

**Baylson, J.**                                 **April 11, 2013**

## MEMORANDUM OF LAW RE: MOTIONS TO COMPEL AND TO EXPAND THE IDEA RECORD

Plaintiff Victoria Brown brought this action on behalf of herself and her minor son, R.P., against the School District of Philadelphia ("the District"), alleging violations of her son's and her own rights under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Presently before the Court are three discovery-related motions filed by Plaintiff: two Motions to Compel the Production of Documents and Information (ECF 31 & 35), and a Motion to Expand the IDEA Record (ECF 34). For the reasons below, the Court will GRANT the motions IN PART and DENY them IN PART.

  **I.**   **Background**

Plaintiff commenced the instant action on behalf of herself and R.P. by filing a Complaint in this Court on September 23, 2011. (ECF 1).[1] The District answered Plaintiff's IDEA claim (ECF 5) but moved to dismiss Counts II and III of the Complaint, which alleged violations of the ADA and Section 504. (ECF 12). The District contended Plaintiff failed to state claims upon which relief could be granted, and also that the Section 504 claim should be dismissed because it was based on the same facts alleged in support of the IDEA claim. The Court denied Defendant's motion. It concluded the Complaint had adequately pled differential treatment under the ADA, had adequately pled intentional discrimination as required for the Section 504 claim, and that the Section 504 claim for monetary damages was based on allegations distinct from the IDEA claim. (Id. at 6-17). The Court issued a Scheduling Order on October 4, 2012 (ECF 18) and discovery commenced.[2]

On March 6, 2013, Plaintiff filed an Expedited Motion to Compel the Production of Documents and Information. (ECF 31). Plaintiff alleged the District was refusing to cooperate with her discovery requests – whether for admissions, interrogatories, production of documents, or production of 30(b)(6) witnesses. (Id. at 1). As to the Request for Admissions, Defendant provided a six-page document with objections to 17 of the 21 requests, and "[t]he few substantive responses Defendant did provide were confusing and contained assertions that did

---

[1] She had previously filed an administrative complaint against the District in the State of Pennsylvania and was given a hearing before a special education officer in March, April and May 2011. The hearing officer issued his decision on June 28, 2011, concluding the District had complied with its obligations under the IDEA and Plaintiff was not entitled to relief. (Memorandum Re: Defendant's Motion to Dismiss, at 2-3) (ECF 12).

[2] The Scheduling Order set January 31, 2013 as the deadline for fact discovery. (ECF 18). On December 6, 2012, Plaintiff served Defendant with Requests for Admissions, Interrogatories, and Requests for Production of Documents. On December 21, 2012 Plaintiff noticed four depositions to occur during the third week of January, 2013, including two pursuant to Federal Rule of Civil Procedure 30(b)(6). The District informed Plaintiff it would be requesting an extension of discovery. (First Motion to Compel, at 3) (ECF 31). On January 16, 2013, the parties proposed an extension of the discovery deadline to March 15, 2013, which the Court approved. (ECF 26). Plaintiff alleges that between January 22, 2013 and March 6, 2013, when she filed the first Motion to Compel, the District refused to cooperate with its discovery requests by issuing general and nonresponsive objections. (First Motion to Compel, at 6-7) (ECF 31). These "delaying tactics have precluded Plaintiff from successfully scheduling the depositions of three of the four District witnesses sought to be deposed." (Id. at 7).

2

not address the Requests." (Id. at 10 & Ex. D). As to the Interrogatories and Requests for Production, Defendant responded with eight general objections and no substantive information or responses. (Id. at 6 & Ex. E). The District subsequently agreed to comply with Requests for Production 1 through 9, but as asserted in Plaintiff's Motion to Compel, it did not actually turn over any documents. (Id. at 7 & Ex. G). As to depositions, Plaintiff contended Defendant was refusing to provide the identity of one of the 30(b)(6) witnesses and was using delaying and rescheduling tactics. Plaintiff requested the Court order Defendant, by March 15, 2013, to: (1) clarify its answers to the Request for Admissions; (2) produce documents in response to the Requests for Production; (3) provide specific answers to the Interrogatories; and (4) provide dates and identities of the witnesses for the noticed 30(b)(6) depositions. Plaintiff also asked for a 3-week delay of the discovery deadline to avoid further prejudice. (Id. at 2).

The Court held a telephone conference on March 13, 2013. On the call, counsel for Defendant objected to what, in its view, was an improper attempt by Plaintiff to supplement the administrative record with additional discovery on the IDEA claim, without leave of court. Defendant did not object to discovery continuing on Plaintiff's ADA and Section 504 claims. On March 14, 2013, the Court issued a Scheduling Order extending the discovery deadline to April 30, 2013, directing the parties to "cooperate and expedite discovery on the Section 504 issues," and directing Plaintiff to make a "Motion to Expand IDEA Record" by March 18, 2013. (ECF 33).

On March 18 and 21, 2013, Plaintiff filed a First Motion to Expand the IDEA Record (ECF 34) and a Second Motion to Compel the Production of Documents and Information (ECF 35).

In the First Motion to Expand the IDEA Record, Plaintiff contended the IDEA allows for the expansion of the administrative record from a state hearing in which Plaintiff's IDEA claim was litigated, upon the discretionary determination of the District Court. (See Pl. Mot. to Expand IDEA Record, at 4-6) (ECF 34) (citing 20 U.S.C. § 1415(i)(2)(C)). The usual course of conduct, according to Plaintiff, is for the parties to proceed with additional discovery after the federal case is filed and for the plaintiff to file a motion to expand *after* new discovery has been produced. (Id. at 4-6). Thus, Plaintiff argued, adjudication of the Motion to Expand is premature and Plaintiff reserved its right to file a subsequent motion to expand after discovery has progressed further. That said, Plaintiff argued the Motion to Expand should be granted because in the Third Circuit, "a wide array of circumstances . . . support a decision to admit additional evidence" in IDEA cases. (Id. at 6). These circumstances include the unavailability of an important witness at the state hearing who is now available, the surfacing of relevant evidence after the hearing concluded, and the improper exclusion of evidence by the hearing officer. (Id.). According to Plaintiff, these factors support the expansion of the IDEA record in this case.

The specific expansions requested by Plaintiff are:

- (1) admission of the deposition of Andrea Mahon, a retired school psychologist who evaluated R.P. for IDEA eligibility, because Mahon was unavailable at the administrative hearing. Her deposition was taken on February 21 and March 14, 2013. (ECF 34, Ex. F);
- (2) admission of the deposition of Joanne Beaver, principal of the elementary school attended by R.P., because Beaver contradicted her testimony from the state hearing during her recent deposition and because her deposition included information on the Section 504 issue. Her deposition was taken on March 11, 2013. (Id. Ex. J);

4

- (3) admission of two depositions noticed by Plaintiff under Rule 30(b)(6) – one, of a witness with knowledge on the school district's policies for complying with Section 504, and another, of a witness with knowledge about the district's policies regarding the "CSAP program." Plaintiff argued the subject matter of these depositions relates to Section 504 and so should be allowed. The deposition of the CSAP witness was taken on March 12, 2013 (id. Ex. L), but the deposition of the Section 504 witness has not yet been taken;
- (4) admission of Defendant's responses to Plaintiff's Request for Admissions (id. Ex. B);
- (5) admission of Defendant's responses to Plaintiff's Interrogatories (id. Ex. C);
- (6) admission of Defendant's responses to Plaintiff's Requests for Production (id. Ex. D).

Plaintiff also filed a Second Motion to Compel on March 21, 2013 (ECF 35), requesting that the Court order Defendant to continue cooperating in discovery on the Section 504 issues. According to Plaintiff, Defendant had ceased its discovery efforts altogether given the pending Motion to Expand the IDEA Record. (Id. at 3) ("The District's new theory seems to be that because some of the testimony and documentary evidence at the administrative hearing related to Section 504 accommodations R.P. received or should have received, *any* discovery on Section 504 issues would be in the nature of supplementing the administrative record, and that the District is therefore complete excused from providing *any* responses until the Court has resolved the Motion to Expand the IDEA Record. The District should not be allowed to evade its discovery obligations . . . particularly given the Court's recent and explicit order requiring counsel to cooperate on Section 504 discovery.").

Defendant filed a Response in Opposition to Plaintiff's Motion to Expand the IDEA Record on April 1, 2013 (ECF 38). It contended the IDEA record should not be expanded in

any of the ways requested by Plaintiff because all of the newly proposed evidence is cumulative of evidence already presented at the state administrative hearing. It filed Responses in Opposition to the Motions to Compel on March 25, 2013 (ECF 36) and April 8, 2013 (ECF 40). In the Response of April 8, the District contended that many of Plaintiff's discovery requests are excessive and are inappropriately intended to supplement the administrative record. It also argued that pretrial discovery related to the Section 504 issue also be halted because such discovery is duplicative of evidence presented to the state hearing officer. (Def. Response in Opp., at 1-2) (ECF 40).

## II.  Legal Standards

The IDEA makes available federal funds for state special education programs, conditioned on the state's provision of a "free appropriate public education" ("FAPE") to its disabled children. 20 U.S.C. § 1412(a)(1). The primary mechanism for delivering FAPE is through the development of an Individualized Education Program ("IEP"). Id. § 1414(d). To be eligible for IDEA funds, states must create administrative structures capable of delivering IEPs to disabled students, id. § 1412(a)(1)(A)& (a)(4), and they must also comply with "child find"– a procedure that ensures "[a]ll children with disabilities residing in the State . . . are identified, located, and evaluated," id. § 1412(a)(3).

IDEA also requires that state educational agencies "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." Id. § 1415(a). First, parents must be able to "examine all records relating to [their] child and . . . participate in meetings with respect to the identification, evaluation, and educational placement of the child." Id. § 1415(b)(1). Second, parents must be given an "opportunity for an impartial

due process hearing, which shall be conducted by the State educational agency or by the local education agency," to resolve any claims regarding the provision (or lack thereof) of FAPE. Id. § 1415(f)(1)(A).

After exhausting available state remedies, a parent or child "shall have the right to bring a civil action with respect to the complaint . . . in a district court of the United States." Id. § 1415(i)(2)(A). The district court, in turn: "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." Id. § 1415(i)(2)(C). In deciding whether to allow supplemental evidence, "a district court first must evaluate a party's proffered evidence before deciding to exclude it." Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 759 (3d Cir. 1995); see also Antoine M. v. Chester Upland Sch. Dist., 420 F. Supp. 2d 396, 402 (E.D. Pa. 2006) (holding "a court may not summarily exclude a party's proffered evidence before evaluating its content"). The ultimate question is whether the evidence is "relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." Susan N., 70 F.3d at 759. The court "must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the additional evidence at the administrative hearing," because the IDEA "'contemplates that the source of the evidence generally will be the administrative hearing record.'" Antoine M., 420 F. Supp. 2d. at 402-03 (citing Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790 (1st Cir. 1984)).

Courts in this District typically apply a "non-exhaustive list of factors" in deciding whether to allow additional evidence beyond the IDEA record. Antoine M., 420 F. Supp. 2d. at 403. They consider: (1) "[t]he existence of a procedural bar which prevented the introduction of

the proffered evidence below, such as a limitations period"; (2) whether the evidence "was deliberately withheld" for strategic reasons; and (3) the "potential impact on the administration of justice" of allowing or declining supplementation. Id. When the proffered evidence is entirely redundant of evidence presented at the hearing, it is often excluded. See D.K. v. Abington Sch. Dist., 696 F.3d 233, 253 (3d Cir. 2012) (affirming the district court's refusal to allow an expert report because it was "largely duplicative of the evidence given at the administrative hearings"); Robert B. v. West Chester Area Sch. Dist., 2005 WL 2396968, at *9-10 (E.D. Pa. Sept. 27, 2005) (Baylson, J.) (holding that proffered testimony should be excluded because it would repeat earlier testimony and would offer no additional insight into the "reasonableness of the school district's original decision"); Alex K. v. Wissahickon Sch. Dist., 2004 WL 286871, at *7 (E.D. Pa. Feb. 12, 2004) (same). Meanwhile, "after-acquired evidence, such as information received through the experience of an alternative placement" of a student made after the initial IDEA decision, is often admitted, because it is non-cumulative and reflects on the validity of the initial IDEA decision. Susan N. 70 F.3d at 762; L.G. ex rel. E.G. v. Fair Lawn Bd. of Educ., 486 Fed. App'x 967, 975 (3d Cir. 2012) ("Evidence of a child's program – or lack thereof – in an alternative placement may be relevant to the court's determination whether a school district's IEP was appropriate at the time it was drafted.").

### III. Analysis

The Court will grant Plaintiff's Motions to Compel and to Expand the IDEA Record in part, and it will deny the motions in part.

As to the Motion to Expand (ECF 34), the Court rules as follows:

1. First, all discovery pertaining to Section 504 and ADA issues will be allowed. On the telephone conference of March 13, Defendant did not object to continuing with discovery on the

Section 504 or ADA issues and the Court's Scheduling Order of March 14 reflected this agreement. (ECF 33) (directing the parties to "cooperate and expedite discovery on the Section 504 issues"). Moreover, as discussed in this Court's decision denying Defendant's Motion to Dismiss Counts II and III of the Complaint, federal claims brought under Section 504 and the ADA differ substantively from those brought under the IDEA. (ECF 12). Discovery on Section 504 and ADA issues is warranted even if there is a pending dispute about expanding an IDEA record to further develop an IDEA claim. See H.A. v. Camden City Bd. of Educ., 2011 WL 3236204 (D.N.J. July 28, 2011).[3]

Accordingly, the following discovery requests by Plaintiff will be allowed because they deal primarily with Section 504 and ADA issues: the two 30(b)(6) depositions noticed by the Plaintiff, of District officials to testify on Section 504 and the CSAP program; Defendant's responses to Plaintiff's Request for Admissions #1-12, 14, 16-17, 21 (ECF 34, Ex. B); Defendant's responses to Interrogatories #1, 2-6 (as to the ADA/Section 504 claims), and #10-22 (Id. Ex. C); and Defendant's responses to Requests for Production #1, 3, 8, and 9-16 (Id. Ex. D). Whether these discovery items shall be admitted to supplement the IDEA record for the purposes of Plaintiff's IDEA claim shall be the topic of discussions between counsel and if unresolved, presented to the Court for decision.

---

[3] The court's holding in H.A. is instructive:
> Plaintiff also argues that because her attorney alleged that Defendant violated both the IDEA and Section 504 of the Rehabilitation Act when filling out the Parental Request Form in the administrative process (Docket Item 19–1), the Defendant's opportunity for Section 504–related discovery elapsed in the administrative process and is unavailable in this civil action. It is a remarkable assertion that a claimant can foreclose discovery on her subsequent civil action's Rehabilitation Act claim simply by mentioning the Rehabilitation Act as another basis for relief in her administrative request . . . . A Rehabilitation Act claim is not an IDEA claim. . . . . Exhaustion of administrative remedies is not required before bringing an action under Section 504 of the Rehabilitation Act. It follows that a party facing a Section 504 claim cannot be foreclosed from obtaining reasonable discovery, notwithstanding whether discovery was available in some form in the administrative process.

H.A., 2011 WL 3236204, at *3.

2. Second, the depositions of Ms. Mahon and Ms. Beaver should be admitted as part of the expanded IDEA record, because neither constitutes cumulative evidence and both shed led on critical IDEA issues in dispute. (Id. Exs. F & J). Ms. Mahon was not available as a witness at the state hearing because although Plaintiff requested her appearance (see id. Exs. G & H), the District did not produce her. A representative from the District told the state hearing officer that Ms. Mahon had been retired for several months and the District was unable to reach her. (Id. Ex. I, p. 5).[4] Meanwhile, her testimony is highly relevant to the IDEA issue under dispute because she is the person who evaluated R.P. for IDEA eligibility. The deposition of Ms. Beaver also should be admitted because although Ms. Beaver testified at the state hearing, the testimony she gave in a recent deposition contradicts some of her earlier statements. This casts doubt on the accuracy of the hearing officer's findings as well as on Beaver's overall credibility as a witness.

3. Third, Defendant's responses to Plaintiff's Request for Admission #15 and Interrogatory #5 should be admitted as part of the expanded IDEA record, because these discovery items bear on whether the District complied with its obligations at the state hearing to provide Plaintiff with R.P.'s complete education file.

4. The Court will not admit the following items requested by Plaintiff to supplement the IDEA record: Defendant's responses to Request for Admissions #13, 18-20 (ECF 34, Ex. B); Defendant's responses to Interrogatories #2-6 (as to the IDEA claims), 7-9 (Id. Ex. C); and Defendant's responses to Requests for Production #2, 4-7 (Id. Ex. D). These items call for evidence that is cumulative of the IDEA record, as each deals with the District's compliance with the IDEA and with the District's provision of an IEP to R.P. These discovery requests call for discovery that either was, or should have been, elicited at the hearing.

---

[4] Additionally, there is evidence the District was misleading in its statement to the hearing officer. In Ms. Mahon's deposition, she stated she was never contacted about appearing. (Pl. Mot. to Expand IDEA Record, at 9) (ECF 34).

As to Plaintiff's Motions to Compel (ECF 31 & 35), the Court will grant the Motions in part and deny them in part. Namely, the motions are granted subject to the limitations set forth above, regarding the expansion of the IDEA record.

To the Court's understanding, this decision should resolve all issues presented in Plaintiff's Motions to Compel and to Expand the IDEA Record, and in Defendant's Responses, except for the parties' dispute concerning some of the Defendant's answers to the Request Admissions. The parties disagree as to whether the answers and objections already provided by Defendant to Plaintiff's Request for Admissions are sufficiently detailed and responsive. (See Pl. Motion to Compel, at 9-11) (ECF 31). The Court directs the parties to confer and attempt a resolution of their dispute for those Admissions the Court will allow to supplement the record: Requests #1-12, 14, 16-17, 21. If the parties cannot reach a resolution, they should notify the Court in short order.

## IV.     Conclusion

For the reasons stated, the Court will GRANT Plaintiff's Motions to Compel and to Expand IN PART, and DENY the motions IN PART. An appropriate Order follows.

O:\SARA\BROWN V. SCHOOL DIST MOTION TO EXPAND -1.DOCX